## SCHICK v. SCHICK.

Court of Appeals of Kentucky.
May 22, 1953.

Rehearing Denied Oct. 16, 1953.

See also, Ky., 240 S.W.2d 533.

Robert Hubbard, Louisville, for appellant.

George Heffner, Louisville, for appellee.

MILLIKEN, Justice.

The judgment entered below granted the husband a divorce, denied alimony to the wife and directed the husband to pay the wife $25 per week for the maintenance of their two young children and her attorney's fee in the sum of $200. The wife appeals.

The litigants were married on September 14, 1940, and lived as husband and wife, except for a six-months period of separation, until they parted in June, 1949. They have two children, a boy and a girl, ages seven and two, respectively.

On October 29, 1949, the husband filed a petition in equity, in which he stated as a ground for divorce that his wife had "inflicted such cruel beating or injury, or attempt at injury, as indicated an outrageous temper in the wife, or probable danger to his life, or great bodily injury, from his remaining with her." KRS 403.020(4) (e). He waived custody of the two children. The wife answered and counterclaimed, traversing the material averments of the petition and alleging that the husband had abandoned her on June 20, 1949, without fault on her part. She prayed that his petition be dismissed, and asked for alimony and an allowance for the maintenance of the children. The case was heard before a master commissioner, who made a report recommending that the husband be granted a divorce from bed and board and that the wife be denied alimony. On exceptions to the commissioner's report, the chancellor granted an absolute divorce and denied alimony to the wife.

No useful purpose could be served by recounting the numerous incidents leading to the separation of the parties, but, suffice it to say, the evidence was sufficient to justify the chancellor in granting a divorce to the husband and in refusing alimony to the wife. The chancellor very carefully considered the financial condition of the parties, the needs of the children, and the services performed by the wife's attorney, and we do not feel disposed to disturb his findings.

The judgment is affirmed.